# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KIRK ALEXANDER CURLS, <br><br> Plaintiff, <br><br> vs. <br><br> CLARK COUNTY SCHOOL DISTRICT, *et al.*, <br><br> Defendants. | Case No. 2:16-cv-02572-RFB-GWF <br><br> **ORDER AND REPORT <br> AND RECOMMENDATION** |

This matter comes before the Court on Plaintiff's Applications to Proceed *in Forma Pauperis* (ECF Nos. 1 and 7), filed on November 4, 2016 and February 27, 2017, respectively.

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his applications and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Plaintiff's financial affidavits pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it

is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1995) (citation omitted); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), *overruled in part on other grounds by Talor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the

1  complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.
2  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not
3  suffice. *Id*. at 1949.  Secondly, where the claims in the complaint have not crossed the line from
4  plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Plaintiff is suing 13 employees of the Clark County School District. Plaintiff asserts that he was discriminated against based on his race and religion and was retaliated against based on a complaint that he filed with the Nevada Equal Rights Commission. Plaintiff cites exclusively to Nevada Revised Statutes as the basis for his claims. As a result, Plaintiff has not demonstrated that this Court has jurisdiction. Plaintiff does not and likely cannot allege that there is diversity jurisdiction (that Plaintiff and Defendants are citizens of different states and that the amount in controversy exceeds $75,000). Moreover, Plaintiff does not cite to the constitution or a federal statute that would govern his claims.

It does appear to the Court that Plaintiff is attempting to bring a claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). To the extent Plaintiff seeks to file a claim under Title VII, his complaint must still be dismissed because he cannot sue individual employees/managers. This is because Title VII limits civil liability to the employer. *See* 42 U.S.C. 2000e–5(g); *See also Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583 (9th Cir. 1993) ("[I]ndividual defendants cannot be

held liable for damages under Title VII"). Therefore, Plaintiff would have to sue his previous employer—Clark County School District. The Court will not, however, grant Plaintiff leave to amend because it appears as though this complaint merely repeats claims pending in other cases. *See Curls v. Clark Cnty School Dist.*, 2:15-cv-01461-APG-NJK*; see also Curls v. Clark Cnty School Dist.*, 2:16-cv-00979-JAD-PAL. Therefore, the Court finds Plaintiff's instant complaint to be duplicative and frivolous. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Applications to Proceed *in Forma Pauperis* (ECF Nos. 1 and 7) are **granted**.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **dismissed** for failure to state a claim upon which relief may be granted and because it is duplicative.

DATED this 7th day of December, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).